# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| DAWN STAHL, NIELIA BALL, JO ANN NOEL and SCOTT COULSEN,<br><br>Plaintiffs,<br><br>vs.<br><br>BIG LOTS STORES, INC.,<br><br>Defendant. | No. 06-CV-1026-LRR<br><br>**ORDER** |

## TABLE OF CONTENTS

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

II.   PROCEDURAL BACKGROUND . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

III.  JURISDICTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *2*

IV.   STANDARD FOR SUMMARY JUDGMENT . . . . . . . . . . . . . . . . . . . . *3*

V.    ANALYSIS: FAILURE TO COMPLY WITH THE LOCAL RULES . . . . . *4*
    A.   *Judgment on Purely Procedural Grounds* . . . . . . . . . . . . . . . . . . *4*
    B.   *Judgment on the Merits* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
        1.   Sexual harassment claims . . . . . . . . . . . . . . . . . . . . . . . *6*
        2.   Wage payment claims . . . . . . . . . . . . . . . . . . . . . . . . . *7*

VI.   DISPOSITION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *9*

## *I. INTRODUCTION*

The matter before the court is Defendant's Motion to Terminate Proceedings and for Summary Judgment ("Motion") (docket no. 21).

## *II. PROCEDURAL BACKGROUND*

On July 6, 2006, Plaintiffs Dawn Stahl, Lois Freiburger, Neilia Ball, Jo Ann Noel, Kathryn O'Rourke, Angela Graves, Scott Coulsen and Patricia Ehler filed a Petition at Law ("Petition") against Defendant Big Lots Stores, Inc. ("Big Lots") in the Iowa District

Court for Dubuque County.  The Petition attempts to make two allegations:[1] (1) failure to pay wages, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Iowa Wage Payment Collection Law ("IWPCL"), Iowa Code § 91A.1, *et seq.*, and (2) sexual harassment, in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000(e), *et seq.*, and Chapter 216 of the Iowa Civil Rights Act of 1965 ("ICRA"), Iowa Code ch. 216.  *See* Petition (docket no. 2-2), at ¶¶ 5, 10 & 12.  On August 31, 2006, Big Lots filed a Notice of Removal in this court, asserting federal question jurisdiction, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.  On September 8, 2006, Big Lots filed an Answer and Affirmative Defenses.

On August 20, 2007, Plaintiffs Angela Graves and Lois Freiburger stipulated to the dismissal of their claims with prejudice.  On September 6, 2007, Plaintiffs Patricia Ehler and Kathryn O'Rourke did the same.

On October 12, 2007, Big Lots filed the Motion against the four remaining Plaintiffs—Dawn Stahl, Nielia Ball, Jo Ann Noel and Scott Coulsen.  On November 6, 2007, Plaintiffs filed a one-page resistance ("Resistance").

The court finds that oral argument is not necessary to resolve the Motion.  It is fully submitted and ready for decision.  Thus, the court turns to consider it.

### *III.  JURISDICTION*

The court has federal question jurisdiction over Plaintiffs' FLSA and Title VII claims.  *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the . . . laws . . . of the United States.").  It has supplemental jurisdiction over Plaintiffs' IWPCL and ICRA claims.  *See id.* § 1367(a) ("[T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action with such original jurisdiction that they form part of the same case or

---

[1] The Petition is not a model of clarity.  Plaintiffs fail to cite statutes or name the laws under which they seek relief.

controversy."). *But see id.* § 1367(c) (granting district courts discretion to exercise supplemental jurisdiction over state law claims under certain circumstances).

## *IV. STANDARD FOR SUMMARY JUDGMENT*

Summary judgment is appropriate if the record shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.,* 409 F.3d 984, 990 (8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)). A fact is material when it is a fact that "might affect the outcome of the suit under the governing law." *Id.* The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss,* 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman,* 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett,* 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, designate "specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e); *see, e.g., Baum v. Helget Gas Prods., Inc.,* 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson,* 477 U.S. at 248. "'Evidence, not contentions, avoids

summary judgment.'" *Reasonover v. St. Louis County, Mo.,* 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

### V.  ANALYSIS:  FAILURE TO COMPLY WITH THE LOCAL RULES
#### A.  Judgment on Purely Procedural Grounds

Plaintiffs filed the Resistance on November 6, 2007.  Under Local Rule 56.1.b, Plaintiffs' resistance and supporting documents were due on November 5, 2007, because the Local Rules allow Plaintiffs twenty-four days to resist the Motion.  *See* LR 56.1.b ("A party resisting a motion for summary judgment must, within 21 days after service of the motion, file contemporaneously all of the following . . . ."); LR 6.1 (allowing an extra 3 days when a document is served electronically).

In addition to filing their Resistance late, Plaintiffs failed to comply with another Local Rule.  Local Rule 56.1.b requires a party opposing summary judgment to file a brief, a response to the moving party's statement of material facts, a statement of additional material facts and an appendix.  *See* LR 56.1.b (stating that "[a] party resisting a motion for summary judgment must . . . file contemporaneously" a brief, a response to the statement of material facts, a statement of additional material facts and an appendix). After Big Lots filed its statement of undisputed material facts, Plaintiffs filed the Resistance, but the Resistance consists only of a one-page response.  *See* Resistance (docket no. 22).  The Resistance, therefore, does not comply with Local Rule 56.1.b.  The court finds it proper to strike the Resistance and grant Big Lots's Motion on procedural grounds.

The court shall grant the Motion due to Plaintiffs' failure to comply with the Local Rules.  *See* LR 56.1.

#### B.  Merits

Alternatively, the court considers the merits of the Motion.  *See Interstate Power Co. v. Kan. City Power & Light Co.*, 992 F.2d 804, 807 (8th Cir. 1993) ("Even if a

motion for summary judgment . . . stands unopposed, the district court must still determine that the moving party is entitled to judgment as a matter of law . . . ."). Federal Rule of Civil Procedure 56(e) provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the adverse party does not respond, summary judgment, if appropriate, shall be entered against the adverse party*.

Fed. R. Civ. P. 56(e) (emphasis added).

Plaintiffs' failure to file a response to Big Lots's statement of material facts and their failure to expressly deny or qualify with specific reference to the summary judgment record each of the facts included by Big Lots therein, constitutes an admission of each of these facts. LR 56.1.b.3. Local Rule 56.1.b.3 provides:

> A response to an individual statement of material fact that is not expressly admitted must be supported by references to those specific pages, paragraphs, or parts of the pleadings, depositions, answers to interrogatories, admissions, exhibits, and affidavits that support the resisting party's refusal to admit the statement, with citations to the appendix containing that part of the record. *The failure to respond, with appropriate citations to the appendix, to an individual statement of material fact constitutes and admission of that fact*.

*Id.* (emphasis added).

Under such circumstances, the court deems all of Big Lots's statements of material fact to be admitted. LR 56.1.b; *see, e.g., Libel v. Adventure Lands of Am., Inc.*, 482 F.3d 1028, 1032-33 (8th Cir. 2007) (discussing an identical local rule in the Southern District of Iowa and affirming the district court's decision to deem all statements of material fact to be admitted). The court is not required to "'engag[e] in the proverbial search for a

needle in the haystack.'" *Libel*, 482 F.3d at 1032 (quoting *Nw. Bank & Trust Co. v. First Ill. Nat'l Bank*, 354 F.3d 721, 725 (8th Cir. 2003)). "Courts have neither the duty nor the time to investigate the record in search of an unidentified genuine issue of material fact to support a claim or a defense." *Id.* Once all facts are deemed admitted, summary judgment is clearly appropriate. Fed. R. Civ. P. 56.

The Petition alleges Big Lots failed to pay Plaintiffs wages they were due, and it alleges that "Plaintiffs were subjected to continuing verbal abuse," some of which "took the form of sexual harassment." Petition (docket no. 2-2), at ¶¶ 5, 10 and 12. Plaintiffs allege they are entitled to a judgment "for all back regular and overtime wages," for the "abusive acts of [Big Lots]," and for "any punitive damages available for the willful and wanton acts of [Big Lots]." *Id.* at 3 (unnumbered paragraph). The court shall turn to determine whether this is a case where it is "appropriate" to enter summary judgment against the non-responsive party. Fed. R. Civ. P. 56(e).

### 1.     *Sexual harassment claims*

Title VII requires aggrieved plaintiffs to follow a procedure that Plaintiffs have not followed. "Title VII requires claimants to timely file a [sexual harassment] charge with the [Equal Employment Opportunity Commission ("EEOC")] before he or she may bring a Title VII action in court." *Duncan v. Delta Consol. Indus., Inc.*, 371 F.3d 1020, 1024 (8th Cir. 2004); *see also* 42 U.S.C. § 2000e-5(e)(1) (providing that a charge of discrimination "shall be filed" with the EEOC within 300 days of the allegedly discriminatory act). To the extent Plaintiffs are alleging a violation of the ICRA, a similar administrative procedure must be followed. *See* Iowa Code § 216.16 (requiring aggrieved individuals to seek administrative relief by filing a complaint with the Iowa Civil Rights Commission ("ICRC")); *see also id.* § 216.15(12) (providing 180 days for filing such claims). Here, there is no dispute of material fact that Plaintiffs have neither filed claims with the EEOC or the ICRC, nor exhausted their administrative remedies. *See*

Defendant's Appendix (docket no. 21-4), at 3, ¶ 3. The undisputed facts also show that the time for each Plaintiff to file administrative claims has expired, because they were last employed by Big Lots in 2004 and mid-2005. As such, the court is satisfied that Big Lots is entitled to judgment as a matter of law on any sexual harassment claim alleged by Plaintiffs in the Petition.

### 2. *Wage payment claims*

As to the FLSA and IWPCL allegations in the Petition, Plaintiffs seek $3,855.41 in damages for the combined loss of regular and overtime wages. *See* Motion (docket no. 21-1), at ¶ 2. Big Lots argue that, the FLSA and IWPCL "provide Plaintiffs with a maximum recovery of double their actual lost wages, plus reasonable attorney['s] fees and costs." *Id.* at ¶ 3. Big Lots argues that it "tendered to each of the Plaintiffs, through their counsel of record, a check in the amount of double the wages they allege were not paid to them," as well as a "representation that Big Lots would pay Plaintiffs reasonable attorney's fees and expenses related to the prosecution of their claims." *Id.* Therefore, Big Lots reasons, "Plaintiffs have no legal damages, and Big Lots is entitled to judgment as a matter of law on Plaintiffs' wage payment claims." *Id.* at ¶ 4.

The FLSA and IWPCL prohibit employers from failing to pay their employees wages and overtime wages. 29 U.S.C. §§ 206, 207 & 215; Iowa Code § 91A.8. Under the IWPCL, employers are liable to employees for "unpaid wages or expenses, court costs and usual and necessary attorney's fees incurred in recovering the unpaid wages or expenses." Iowa Code § 91A.8. If the employee can show that the employer intentionally failed to pay the wages, "the employer shall be liable to the employee for any wages . . . . that are so intentionally failed to be paid or reimbursed, plus liquidated damages, court costs and any [usual and necessary] attorney's fees . . . ." *Id.*

Similarly, under the FLSA, employees are entitled to "unpaid minimum wages, . . . unpaid overtime compensation, . . . and . . . an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). Successful FLSA plaintiffs are entitled to "a reasonable attorney's fee" and "costs of the action." *Id*. The court has discretion to reduce a liquidated damages award or eliminate it altogether under the FLSA if the employer shows that it acted in good faith. *Id*. § 260. A liquidated damages award under the FLSA "is mandatory unless the employer can show good faith and reasonable grounds for believing that it was not in violation of the FLSA." *Braswell v. City of El Dorado*, 187 F.3d 954, 957 (8th Cir. 1999). Additionally, violating employers are liable for such "equitable relief as may be appropriate to effectuate the purposes of section 215(a)(3) of [Title 29] . . . ." *Id*.

The facts show that each Plaintiff is a former employee of the Dubuque, Iowa, Big Lots store ("Dubuque Store"). Each Plaintiff seeks wages or overtime wages or both. The Dubuque Store is no longer in business. The undisputed facts show that Plaintiff Dawn Stahl is seeking $80.75; Plaintiff Neilia Ball is seeking $238.68; Plaintiff Jo Ann Noel is seeking $108.80; and Plaintiff Scott Coulsen is seeking $3,427.18. Therefore, Plaintiffs seek a total of $3,855.41 for unpaid regular wages and overtime wages. On October 10, 2007, Big Lots tendered four separate checks to the four Plaintiffs for double the amount that each Plaintiff seeks, that is, Big Lots tendered a total of $7,710.82 to the Plaintiffs. Statement of Facts (docket no. 21-3), at ¶ 17. Additionally, the undisputed facts show that "Big Lots enclosed with the checks a letter to Plaintiffs' counsel, requesting an accounting of his fees, and representing to him that Big Lots would pay Plaintiffs' reasonable attorney fees and costs" in the matter. *Id*. at ¶ 18.

8

Viewing the facts in the light most favorable to Plaintiffs, the court finds that no jury could find in favor of Plaintiffs on their claims. The purpose of the FLSA and the IWPCL is to "facilitate the collection of wages owed to employees." *Phipps v. IASD Health Servs. Corp.*, 558 N.W.2d 198, 201 (Iowa 1997); *see also Barrentine v. Ark.-Best Freight Sys., Inc.*, 450 U.S. 728, 739 (1981) ("[T]he FLSA was designed to give specific minimum protections to individual workers and to ensure that each employee covered by the [FLSA] would receive a fair day's pay for a fair day's work and would be protected from the evil of overwork as well as underpay." (Quotations and modifications omitted.)). By definition, if the employee has been paid the wages that are due, the liquidated damages, court costs and attorney's fees, there is nothing left for the employee to collect and no viable suit under these statutes. Iowa Code § 91A.8; 29 U.S.C. § 216(b). Big Lots is entitled to judgment as a matter of law.

## VI. DISPOSITION

For the foregoing reasons, the court hereby **ORDERS**:

(1) Big Lots's Motion (docket no. 21) is **GRANTED**; and

(2) The Clerk of Court is directed to **ENTER JUDGMENT** in favor of Big Lots and against Plaintiffs Dawn Stahl, Nielia Ball, Jo Ann Noel and Scott Coulsen.

**IT IS SO ORDERED.**

**DATED** this 7th day of November, 2007.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA